**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS TEDROS AMANUEL, a.k.a. Thomas T. Amanuel, a.k.a. Thomas Amanuel Tedros, a.k.a. Thomas Johnny Tedros, | No. 11-74015 |
| Petitioner, | Agency No. A025-303-038 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Thomas Tedros Amanuel, a native and citizen of Ethiopia, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen based on ineffective assistance of counsel.  We dismiss the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

petition for review.

Because Amanuel is removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii), our jurisdiction is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C). Amanuel's contention that the BIA used the incorrect legal standard in determining that he had not established prejudice is not supported by the record and does not raise a colorable constitutional claim or question of law sufficient to restore our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . . , the claim must have some possible validity." (internal quotation marks and citation omitted)).

We also lack jurisdiction to review Amanuel's contention that his former attorney provided ineffective assistance by failing to assert that his conviction does not meet the generic offense of burglary because Amanuel failed to raise this contention before the BIA in his motion to reopen. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED.**